**Dennis Leon SMITH, Plaintiff–Appellant,**

v.

**William Michael PORTER, Defendant–Appellee.**

No. 01–1540.

United States Court of Appeals, Tenth Circuit.

July 22, 2002.

Before SEYMOUR, HENRY, and BRISCOE, Circuit Judges.

**ORDER AND JUDGMENT***

After examining the appellant's brief and the appellate record, this panel has

---

* This order and judgment is not binding prece-

dent, except under the doctrines of res judica-

determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2). The case is, therefore, ordered submitted without oral argument.

Dennis Leon Smith, a Colorado citizen proceeding pro se, filed a civil rights complaint in federal district court against the defendant, a judge in Baca County, Colorado. Mr. Smith's complaint requested both a protective order and monetary damages. The district court, invoking *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), abstained from exercising jurisdiction over Mr. Smith's action. Subsequently, the district court denied Mr. Smith leave to file an appeal *in forma pauperis* ("IFP"). The district court based this denial of IFP status on a determination that the appeal was frivolous and not filed in good faith. *See* 28 U.S.C. § 1915(a)(3). Mr. Smith now seeks our permission to proceed IFP in appealing the district court's decision.

Although we construe a pro se litigant's arguments liberally, *see Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (per curiam), this panel will not act as Mr. Smith's advocate by raising arguments not included in his brief and supporting materials, *see Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991). The district court determined that Mr. Smith effectively was seeking to utilize the federal court to intervene in a criminal proceeding pending against him before the Baca County judge. On this basis, the district court, relying on *Younger*, declined to exercise jurisdiction. *See* 401 U.S. at 45 (discussing the general judicial policy forbidding federal courts to stay or enjoin pending state court proceedings).

ta, collateral estoppel, and law of the case. The court generally disfavors the citation of

Mr. Smith asserts the same arguments on appeal that he raised before the district court-namely (1) that he is a citizen of neither the United States nor the "New Deal State of Colorado"; (2) that therefore the Baca County, Colorado court has no jurisdiction over him; and consequently (3) that the Ninth, Tenth, and Eleventh Amendments to the United States Constitution require that the district court prevent the Colorado judge from adjudicating Mr. Smith's traffic violations. Because none of these arguments suggests any reason why the district court's decision based on *Younger* was incorrect, we agree with the district court's determination that Mr. Smith has not shown the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal. *See DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir.1991).

Accordingly, as noted by the district court, Mr. Smith's appeal is not taken in good faith. Because an appeal may not be taken IFP absent a good faith argument, *see* 28 U.S.C. § 1915(a)(3), we DENY Mr. Smith's request to proceed IFP and DISMISS this appeal.

orders and judgments; nevertheless, an order

and judgment may be cited under the terms
and conditions of 10th Cir. R. 36.3.

